TAX COMMISSIONER v. HARRIET M. SIGMUND,
ADMINISTRATRIX

SUPERIOR COURT    NEW LONDON COUNTY    FILE NO. 19308

Memorandum filed July 7, 1950.

William L. Hadden, Attorney General, Frederick W. Dauch, First Assistant Tax Commissioner, and Louis Weinstein, In-heritance Tax Attorney, of Hartford, for the Plaintiff.

Arthur Barrows, of New London, for the Defendant.

DALY, J. .The plaintiff asks that a decree be entered finding the succession tax to be as computed by the tax commissioner.

The facts are set forth in a "Stipulation of Facts" which was prepared by the attorneys for the parties. They are to be com-mended. The trial could very well have taken several days. Be-cause of the efficient and capable manner in which both Mr. Weinstein, counsel for the plaintiff, and Mr. Barrows, counsel for the defendant, prepared for and conducted the trial, the time of trial was materially reduced. Nevertheless every fact and question of law involved were carefully and thoroughly brought out and discussed by them.

Are the proceeds of an accident policy paid to the estate of the late Carl F. Sigmund, because no beneficiary was named, taxable under the laws of the State of Connecticut? If they are, then the succession tax, as computed by the tax com-missioner, is due the state from the estate.

The defendants claims that the deceased had no control over the property in question—no real ownership of it—and that there was no property to pass. She asserts that consequently the proceeds of the policy were not subject to tax.

Sections 2020 and 2021 of the General Statutes of Connecti-cut provide for the imposition of a tax upon transfers of proper-ty and set forth the transfers which are taxable.

Section 2023 provides that the provisions of § 2021 shall not apply to the proceeds of any policy of life or accident insurance payable to a named beneficiary or beneficiaries. It is also provided in this section as follows: "[But the proceeds of any insurance policy, except one issued by the United States upon the life of a soldier, sailor, marine or member of the coast guard and generally known as war risk insurance, of a decedent payable at his death to his estate, the executors of his will or the administrators of his estate, shall be taxable within the provisions of this chapter."

The defendant claims that because the decedent had no opportunity to name a beneficiary the proceeds of the policy are not subject to the tax. The statutes do not provide for an exemption in such a case. The proceeds of the accident insurance policy are part of the decedents estate at death and are to be distributed in accordance with the statutes relating to descent and distribution of property upon the death of the owner. The statutory exemption applies only to a named beneficiary and to war risk insurance.

Judgment is rendered sustaining the appeal. The computation of the succession tax is adjudged to be correct. The succession tax is found to be $204.39 plus interest at the rate of 9 per cent per annum from May 12, 1949, to date of payment. A copy of the judgment is to be transmitted by the clerk to the clerk of the probate court for the district of Groton.